IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBERTO FRESCAS, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:20-CV-188-Z |
| | § | |
| BRIAN THOMAS, Sheriff, | § | |
| Potter County, Texas, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

On an unknown date, petitioner ROBERTO FRESCAS, JR. drafted correspondence addressed to this Court indicating his intent to initiate a federal habeas corpus action challenging his pre-trial confinement in the Potter County Detention Center (PCDC). In his correspondence, petitioner specifically referenced a claim of "no access to the Courts" and also appeared to assert a violation of his right to due process as a result of his detention. Petitioner indicated he was "seek[ing] relief from this Court," but did not identify the manner of relief. [ECF 3].

Petitioner mailed his correspondence to the Court on August 6, 2020. A notation on the transmittal envelope indicates petitioner was still an inmate in the PCDC at the time he mailed his correspondence. The Court received petitioner's correspondence on August 10, 2020, construed said correspondence as a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and opened this proceeding accordingly. [*Id.*].

During the Court's initial review of petitioner's case on August 11, 2020, the undersigned

retrieved the online daily jail roster for Potter County.[1]  Petitioner was not listed as a PCDC inmate on the roster.  Nonetheless, on August 12, 2020, the undersigned forwarded Orders to petitioner at his provided and last known address at the PCDC, directing petitioner to cure filing fee deficiencies and to complete and file with the Court the form habeas corpus petition utilized in the Northern District of Texas.  [ECF 4, 5].  Petitioner was warned in both Orders that failure to properly and timely comply with the Orders would result in an immediate recommendation for the dismissal of his case without further notice.  On August 18, 2020, both Orders were returned to the Court with the notation, "Return to Sender:  Out of Jail."  [ECF 6, 7].  Petitioner has not provided the Court with a change of address.

## MOOTNESS OF CORRESPONDENCE/PETITION

Petitioner is no longer physically confined in the PCDC.  As a result of petitioner's release, the constitutional legality of his continued incarceration, impliedly raised in his correspondence, is no longer debatable.  Consequently, the purported challenges to pre-trial detention petitioner attempted to raise in his correspondence are moot under the continuing controversy requirement.[2]  Moreover, to the extent the relief petitioner was seeking by his correspondence was his release from the PCDC, such relief is no longer available.  Accordingly, the instant federal application for habeas corpus relief should be dismissed as moot.

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

---

[1] http://public.pottercountysheriff.org/pottersheriff/PrisonerAndTheirOffensesReport.pdf

[2] *See Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004) ("[F]or a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition and that his subsequent release has not rendered the petition moot, *i.e.*, that he continues to present a case or controversy under Article III, § 2 of the Constitution.").

District Judge that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by petitioner ROBERTO FRESCAS, JR. be DISMISSED.

### INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 24, 2020.

*signature*
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).